IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DWAYNE CURTIS VAUGHAN,**

      **Plaintiff,**

v.                                                                                         **Civil Action No. 5:09cv42**
                                                                                         **(Judge Stamp)**

**J. CROAGAN, J. CROSS, R. CHEATMAN,**
**T. BERGAMI, D. PETRISKO, J. HEPNER,**
**D. LOHR, J. HAMMOND AND R. MILTON.**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action on April 23, 2009. In the complaint, the plaintiff complains of the conditions of his confinement at USP-Hazelton. The plaintiff was subsequently granted permission to proceed as a pauper and paid an initial partial filing fee on June 11, 2009.

Consequently, on June 22, 2009, the undersigned conducted a preliminary review of the complaint and determined that the face of the complaint showed that the plaintiff failed to exhaust his administrative remedies prior to filing suit. Nonetheless, because the plaintiff is proceeding *pro se*, the Court allowed the plaintiff twenty days to refute that finding. Moreover, the plaintiff was advised that the failure to comply with the Order would result in a recommendation that his claims be dismissed for the failure to exhaust. As of the date of this Order, the plaintiff has not filed a response to the Court's Order.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516,

---

[1] *Id.* at 327.

524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, 548 U.S. at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy

---

[2] *Id.*

Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff asserts that he filed grievances at levels one and two. See Complaint (dckt. 1) at 2. The plaintiff further asserts that the he did not receive responses at either of these levels. *Id.* The lack of response, however, is not sufficient for the plaintiff to abandon his other remedies.[3] The plaintiff admittedly has not sought relief at level three, and thus, has not fully exhausted his administrative remedies. Accordingly, it is clear from the face of the complaint that the plaintiff failed to exhaust his claims prior to filing suit and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

---

[3] Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." In other words, if no response is received, the grievance is deemed denied and the inmate may appeal that denial to the next level. Thus, a lack of response does not relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process or otherwise waive the exhaustion requirements.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 11, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE